IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JERREMY RAY | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-168 |
| J. WILSON, *et al.*, | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jerremy Ray, an inmate currently confined at the Michael Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed a Motion for Preliminary Injunction.

### Procedural Background

Plaintiff originally filed suit in August of 2016 concerning defendants at the Telford Unit in Civil Action No. 5:16cv115 (docket entry no. 1).[1] Plaintiff filed a Notice of Change of Address on August 24, 2017 in Civil Action No. 5:16cv115 informing the Court that he had been moved to the Eastham Unit (docket entry no. 28). On October 10, 2017, while still incarcerated at the Eastham Unit, plaintiff then filed a Motion Requesting Immediate Injunction and For Cause by Eastham Unit Officials in the same civil action (docket entry no. 29). On March 26, 2018, plaintiff filed another notice of change of address informing the Court he had been moved from the Eastham Unit to the Michael Unit in Civil Action No. 5:16cv115 (docket entry no. 41).

On August 7, 2018, the Court in Civil Action No. 5:16cv115 severed plaintiff's Motion Requesting Immediate Injunction and for Cause by Eastham Unit Officials and transferred venue to

---

[1] Because the Telford Unit is located in Bowie County, Texas, venue in this case was proper in the Texarkana Division of the Eastern District of Texas.

the Lufkin Division for the Eastern District of Texas as venue as to this motion was not proper in the Texarkana Division.[2] This severance and transfer resulted in the above-referenced civil action no. 9:18cv168.

Plaintiff's Motion Requesting Immediate Injunction For Cause by Eastham Unit Officials is now pending before this Court (docket entry no. 2).[3] Plaintiff, however, is still presently incarcerated at the Michael Unit.[4]

Discussion

Plaintiff's motion is governed by Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the status quo of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The Fifth Circuit has explained, however, that "[t]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir 2002); *accord Hooten v. Jenne*, 786 F.2d 692, 697 n. 6 (5th Cir. 1986) (per curiam). When a motion for injunctive relief is moot, then dismissal of the claim is proper. *Hooten*, 786 F.2d at 697 n. 6.

---

[2]The Eastham Unit is located in Houston County, Texas which is within the boundaries of the Lufkin Division for the Eastern District of Texas.

[3]The Clerk of Court entitled plaintiff's motion as a Motion for Preliminary Injunction.

[4]https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=04896645.

As previously stated, plaintiff is no longer incarcerated at the Eastham Unit. As such, his motion for injunctive relief is moot.

ORDER

Based on the foregoing, Plaintiff's Motion for Preliminary Injunction (docket entry no. 2) is **DENIED** as **MOOT** and dismissal of this claim is proper. A Final Judgment will be entered separately in accordance with this Memorandum Opinion and Order.

**So Ordered and Signed**
**Nov 14, 2018**

_____
Ron Clark, Senior District Judge